**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMILIA YANIRA MENDOZA-
GALDAMEZ,

          Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No.   18-72428

Agency No. A209-231-490

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

    Emilia Yanira Mendoza-Galdamez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum and withholding of removal.  Our jurisdiction is governed

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We deny in part and dismiss in part the petition for review.

The agency did not err in finding that Mendoza-Galdamez failed to establish membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).  Mendoza-Galdamez does not articulate any challenge to the agency's finding in her opening brief.  Thus, Mendoza-Galdamez's asylum and withholding of removal claims fail.

The BIA did not err in declining to consider Mendoza-Galdamez's arguments regarding family as a social group that were raised for the first time to the BIA.  *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).

We lack jurisdiction to review Mendoza-Galdamez's contention that the IJ violated her due process rights because she failed to raise it below.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review

claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**